UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER HAMER, OAKVIEW CAPITAL PARTNERS, LLC and OAKVIEW HOUSING TRUST I, LLC, Plaintiffs, | : : : : : | |
| v. | : : | 3:11-cv-01845-WWE |
| DARIEN PLANNING AND ZONING COMMISSION and FREDERICK B. CONZE Defendants. | : : : | |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs filed this action alleging racial discrimination in housing pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*; the Connecticut Human Rights and Opportunities Act ("CHROA"), Conn. Gen. Stat. §46a-64c *et seq.*; and 42 U.S.C. § 1983. Specifically, plaintiffs contend that they were denied permission to develop real estate because their proposed construction would constitute affordable housing that was perceived by defendants as conducive to home purchases by racial minorities.

Defendants have moved to dismiss for failure to state a claim. For the following reasons, defendants' motion will be granted.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

Plaintiff Christopher Hamer is the managing member of plaintiff Oakview Capital Partners, LLC, which is the sole member of plaintiff Oakview Housing Trust I, LLC. Defendant Darien Planning and Zoning Commission is the municipal governmental entity in Darien,

1

Connecticut, responsible for all planning and zoning matters for the town.  Defendant Frederick Conze is the Chairman of defendant Darien Planning and Zoning Commission.

Plaintiffs allege that defendants have attempted to exclude African-Americans from the Town of Darien by preventing the construction of affordable housing units and keeping housing costs prohibitively high.  On July 1, 2008, at a public zoning meeting, defendant Conze characterized affordable housing as a "virus" and stated, "I have to honestly tell you that I look at this as a virus, that once you open the box . . . you never get it back in the bottle because it'll be replicated all over town."  On December 14, 2010, at the annual State of the Town meeting, Conze publicly stated:

> Our objective is to preserve the character of our town.  The demographic and economic forces generated by our immediate neighbors to our east and west cannot be taken lightly.  I have spoken of these forces in past Town addresses. . .  Many view Darien as a housing opportunity regardless of its effect on the character of our town and existing home values.

On June 9, 2008, plaintiffs submitted an application to defendants to develop ten residential condominiums at 26 Oak Crest, Darien as affordable housing units to "provide much needed diversity of housing options and increased opportunity for a wider range of income levels."  Defendants rejected this application on January 8, 2009.  Plaintiffs filed a timely appeal to the Connecticut Superior Court.

Plaintiffs allege that defendants conspired with private citizens residing near the subject property to bring a meritless lawsuit against plaintiffs for the purpose of increasing plaintiffs' development costs and making it impossible for plaintiffs to proceed.  Ultimately, the subject property was lost to foreclosure and plaintiffs were unable to proceed with the development project.  The appeal to the Superior Court was dismissed as moot.

Plaintiffs brought this action alleging violation of the Fourteenth Amendment, the FHA, and CHROA.  Defendants have moved to dismiss for failure to state a claim.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### FHA and CHROA Claims

Section 3613(a)(1)(A) of the FHA provides:

> An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

Here, defendants denied plaintiffs' application to develop condominiums on January 8, 2009.  Plaintiffs did not file their complaint until November 29, 2011 - more than ten months after the two year deadline.

Section 46a-98a of the CHROA provides:

> Any person claiming to be aggrieved by a violation of section 46a-64c or 46a-81e or by a breach of a conciliation agreement entered into pursuant to this chapter, may bring an action in the Superior Court, or the housing session of said court if appropriate within one year of the date of the alleged discriminatory practice . . .

Here, defendants denied plaintiffs' application to develop condominiums on January 8, 2009. Again, plaintiffs waited until November 29, 2011 to commence this action - almost two years after the one year deadline.

Plaintiffs argue that their statutory FHA and CHROA claims were not ripe until the State Superior Court appeal concluded and that the limitations periods should be tolled because of the appeal.

**Ripeness**

In Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, the Supreme Court established a two-prong test to determine whether a federal regulatory takings claim is ripe. 473 U.S. 172, 186 (1985). First: A takings claim is not ripe until the entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. Id. Second: A takings claim is not ripe until a party seeks compensation through the procedure the state has provided. Id. at 194. This procedure, known as an inverse condemnation action, allows a property owner to obtain just compensation for an alleged taking of property under certain circumstances. Id. at 196.

The ripeness requirement of Williamson, although announced in a takings context, has been extended to equal protection claims asserted in connection to land use challenges. Dougherty v. Town of North Hempstead Bd. Of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

In Dougherty, the plaintiff never sought a variance after being denied a permit. Id. at 89. The Court held that his claim was not ripe because he had not received a final decision from the zoning board. Id.

"The ripeness requirement prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution." Id. at 90. In the takings context, a plaintiff must seek just compensation by means of available state procedure because prior to bringing an inverse condemnation action, no final resolution exists for federal review. See Williamson, 473 U.S. at 195. "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. In contrast, equal protection claims can become ripe for review after the zoning board renders a final administrative decision. In other words, whereas injury resulting from a Fifth Amendment taking becomes final only after a state court has denied compensation, Fourth Amendment equal protection injury can become certain without state court action.

While the ripeness requirement applies to both takings cases and equal protection cases, plaintiffs' contention that their claims were not ripe prior to the Superior Court appeal of the Zoning Commission's denial of their building application is erroneous. Moreover, the Superior Court action in this case was dismissed as moot after plaintiffs lost their property to foreclosure. Therefore, the Superior Court never reached a final decision. If plaintiffs were to prevail on their ripeness argument, their claims would be dismissed for lack of ripeness. Thus, plaintiffs' FHA and CHROA claims will be dismissed.

**Section 1983 Equal Protection Claims**

Plaintiffs argue that especially where civil rights violations are alleged, dismissal is appropriate only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim.  Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000).  However, plaintiffs must still provide allegations sufficient to raise a right to relief above the speculative level.  Twombly, 550 U.S. at 556.

Plaintiffs are real estate developers who contend that they were denied permission to build because their proposed construction would constitute affordable housing.  Further, they argue that the denial was motivated by defendants' perception that affordable housing is conducive to home purchases by racial minorities.  Plaintiffs characterize their action as having been brought pursuant to the Fourteenth Amendment, as enforced through Section 1983.  Specifically, plaintiffs claim that defendants' conduct violated plaintiff's rights to equal protection of the laws as guaranteed by the Fourteenth Amendment.

The complaint provides that the conduct of defendants was intended to discriminate against *expected buyers* of plaintiffs' condominium units on the basis of race and that, therefore, plaintiffs' right to equal protection of the laws was violated.

The first requirement for recovery of damages based on Section 1983 is to show that one or more defendants acted under color of state law.  This element has been adequately pleaded.  The second requirement is that the action of the municipal official or agency was sufficient to deprive plaintiffs of a federal constitutional or statutory right.  Here, plaintiffs claim that their right to equal protection was violated.  The equal protection clause of the Fourteenth Amendment requires that all persons similarly situated must be treated alike.  City of Cleburne v. Cleburne

Living Center, Inc., 473 U.S. 432, 439 (1985).

To state an equal protection claim there must be allegations that a government actor applied the law against plaintiffs differently from other persons similarly situated. Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir. 1994). Naturally, "the analytical predicate [of consideration of an equal protection claim] is a determination of who are the persons similarly situated." City Recycling, Inc. v. State, 257 Conn. 429, 448 (2001). Furthermore, such selective treatment must be based on impermissible considerations. LaTrieste Restaurant & Cabaret, Inc. v Village of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994). Here, plaintiffs have not alleged facts in support of a claim of differential treatment. Indeed, plaintiffs' complaint does not distinguish classes and makes no mention of differential treatment from those similarly situated. Therefore, plaintiffs' equal protection claim will be dismissed. However, plaintiffs may replead their Section 1983 claim within fourteen days of this ruling's filing date.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED. Plaintiff may file an amended complaint consistent with this ruling within fourteen days of this ruling's filing date.

Dated this 21st day of September, 2012 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

8