UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER HAMER, OAKVIEW : <br> CAPITAL PARTNERS, LLC and OAKVIEW : <br> HOUSING TRUST I, LLC, : <br>       Plaintiffs, : <br> : <br> v.     : <br> : <br> DARIEN PLANNING AND ZONING : <br> COMMISSION and FERDERICK B. CONZE, : <br>       Defendants. : | 3:11-cv-01845-WWE |

### MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs Christopher Hamer, Oakview Capital Partners, LLC, and Oakview Housing Trust I, LLC filed this action against defendants Frederick Conze and the Darien Planning and Zoning Commission, alleging racial discrimination in housing in violation of the Fourteenth Amendment to the United States Constitution. Specifically, plaintiffs contend that they were denied permission to develop real estate because their proposed construction would constitute affordable housing that was perceived by defendants as conducive to home purchases by racial minorities.

Defendants have moved to dismiss for failure to state a claim. For the following reasons, defendants' motion will be denied.

### BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of the plaintiffs.

Christopher Hamer is the managing member of Oakview Capital Partners, LLC, which is the sole member of Oakview Housing Trust I, LLC. The Darien Planning and Zoning Commission is the municipal governmental entity in Darien, Connecticut, responsible for all

planning and zoning matters for the town.  Frederick Conze is the Chairman of the Commission.

On June 9, 2008, plaintiffs submitted an application to defendants to develop ten residential condominiums at 26 Oak Crest, Darien, as affordable housing units to "provide much needed diversity of housing options and increased opportunity for a wider range of income levels."  Defendants rejected this application on January 8, 2009.  Plaintiffs filed a timely appeal to the Connecticut Superior Court.

Plaintiffs allege that defendants conspired with private citizens residing near the subject property to bring a meritless lawsuit against plaintiffs for the purpose of increasing plaintiffs' development costs and making it impossible for plaintiffs to proceed.  Ultimately, the subject property was lost to foreclosure and plaintiffs were unable to proceed with the development project.  The appeal to the Superior Court was dismissed as moot.

Plaintiffs allege that as of the 2010 census, Darien had a population of 20,732, of which 19,508 were Caucasians and only 104 were African-Americans.  Stamford, Connecticut, located immediately to the west of Darien, comprises 21.3% African-Americans, while Norwalk, Connecticut, located immediately to the east of Darien, comprises 22.8% African-Americans.

Plaintiffs allege that defendants have attempted to exclude African-Americans from Darien by  preventing the construction of affordable housing units and keeping housing costs prohibitively high.  On July 1, 2008, at a public zoning meeting, defendant Conze characterized affordable housing as a "virus" and stated, "I have to honestly tell you that I look at this as a virus, that once you open the box . . . you never get it back in the bottle because it'll be replicated all over town."  On December 14, 2010, at the annual state of the town meeting, Conze publicly stated:

> Our objective is to preserve the character of our town. The demographic and economic forces generated by our immediate neighbors to our east and west cannot be taken lightly. I have spoken of these forces in past Town addresses. . . Many view Darien as a housing opportunity regardless of its effect on the character of our town and existing home values.

Plaintiffs brought this action alleging violation of the Fourteenth Amendment's equal protection clause. Plaintiffs' original complaint was dismissed when plaintiffs failed to distinguish classes and identify comparators for purposes of their equal protection claim, but the Court permitted plaintiffs to replead their claim. In their amended complaint, plaintiffs assert that "defendants consciously and intentionally discriminate against all persons and entities attempting to construct affordable housing in Darien, in comparison to all other developers of residential real estate, for the specific purpose of excluding African-Americans from living in the town." Defendants have now moved to dismiss plaintiffs' amended complaint for failure to state a claim.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Failure to State a Claim**

Defendants argue that plaintiffs' complaint again fails to distinguish classes and to allege differential treatment from those similarly situated.  Defendants contend that plaintiffs have not compared themselves to similarly situated individuals because plaintiffs, instead, compare themselves to "all other developers of residential real estate."  In addition, defendants assert that plaintiffs have failed to sufficiently allege that there was no legitimate reason for the claimed differential treatment.  Notably, defendants frame plaintiffs' claim as a class-of-one equal protection claim.

Plaintiffs' equal protection claim is not a class-of-one claim.  Rather, plaintiffs allege that defendants discriminate against "all persons and entities attempting to construct affordable housing in Darien."  Moreover, race-based discrimination is not subject to rational basis review.  Strict scrutiny equal protection review applies to suspect classifications, and racial discrimination is an example of suspect classification in land use regulation.  See Orange Lake Associates, Inc. v. Kirkpatrick, 21 F.3d 1214, 1225 (2d Cir. 1994).  "To establish that an even-handedly applied, facially neutral law should be subjected to the strict scrutiny of a court, the challenger normally must show that (1) the law has such a disproportionate impact on one of several groups (i.e., race, national origin, alienage, gender or illegitimacy) that we may view the law as if it created such a classification on its face, and (2) a discriminatory purpose motivated the actions of the government officials."  Id. at 1226.

Plaintiffs need not prove that the challenged action rested solely on racially discriminatory purposes.  Village of Arlington Heights v. Metropolitan Housing Development

Corp., 429 U.S. 252, 265 (1977).  Indeed, "[r]arely can it be said that a legislature or administrative body operating under a broad mandate made a decision motivated solely by a single concern, or even that a particular purpose was the 'dominant' or 'primary' one.  In fact, it is because legislators and administrators are properly concerned with balancing numerous competing considerations that courts refrain from reviewing the merits of their decisions, absent a showing of arbitrariness or irrationality. But racial discrimination is not just another competing consideration. When there is a proof that a discriminatory purpose has been a motivating factor in the decision, this judicial deference is no longer justified."  Id.

Administrative history may be highly relevant to determining whether an improper purpose has played a role in a land use decision, especially, as here, where there is a record of statements by members of the decisionmaking body.  "Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence as may be available."  Id. at 564.  At this stage, plaintiffs have adequately stated an equal protection claim.  Accordingly, defendants' motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [Doc. #26] is DENIED.

Dated this 21st day of June, 2013, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE