UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER HAMER, OAKVIEW CAPITAL PARTNERS, LLC, and OAKVIEW HOUSING TRUST I, LLC,<br>    Plaintiffs, | :<br>:<br>:<br>:<br>: |
| v. | :    3:11-cv-01845-WWE |
| DARIEN PLANNING & ZONING COMMISSION, FREDERICK B. CONZE,<br>    Defendants | :<br>:<br>:<br>: |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Christopher Hamer, Oakview Capital Partners, LLC, and Oakview Housing Trust I, LLC filed this action against defendants Frederick Conze and the Darien Planning and Zoning Commission, alleging racial discrimination in housing in violation of the Fourteenth Amendment to the United States Constitution. Specifically, plaintiffs contend that they were denied permission to develop real estate because their proposed construction would constitute affordable housing that was perceived by defendants as conducive to home purchases by racial minorities.

Defendants have moved for summary judgment. For the following reasons, defendants' motion will be granted in part and denied in part.

## BACKGROUND

Christopher Hamer is the managing member of Oakview Capital Partners, LLC, which is the sole member of Oakview Housing Trust I, LLC. The Darien Planning and Zoning Commission is the municipal governmental entity in Darien, Connecticut, responsible for all planning and zoning matters for the town. Frederick Conze is the Chairman of the Commission.

On June 9, 2008, plaintiffs submitted an application to defendants to develop ten residential condominiums at 26 Oak Crest, Darien, as affordable housing units to "provide much needed diversity of housing options and increased opportunity for a wider range of income levels." Defendants rejected this application on January 8, 2009. Plaintiffs filed a timely appeal to the Connecticut Superior Court.

Plaintiffs allege that defendants conspired with private citizens residing near the subject property, William and Katharine Golden, to bring a meritless lawsuit against plaintiffs for the purpose of increasing plaintiffs' development costs and making it impossible for plaintiffs to proceed. Ultimately, the subject property was lost to foreclosure and plaintiffs were unable to proceed with the development project. The appeal to the Superior Court was dismissed as moot.

Plaintiffs allege that as of the 2010 census, Darien had a population of 20,732, of which 19,508 were Caucasians and only 104 were African-Americans. Stamford, Connecticut, located immediately to the west of Darien, comprises 21.3% African-Americans, while Norwalk, Connecticut, located immediately to the east of Darien, comprises 22.8% African-Americans.

Plaintiffs allege that defendants have attempted to exclude African-Americans from Darien by preventing the construction of affordable housing units and keeping housing costs prohibitively high. On July 1, 2008, at a public zoning meeting, defendant Conze characterized increased density affordable housing as a "virus" and stated, "I have to honestly tell you that I look at this as a virus, that once you open the box . . . you never get it back in the bottle because it'll be replicated all over town." On December 14, 2010, at the annual state of the town meeting, Conze publicly stated:

> Our objective is to preserve the character of our town. The demographic and economic forces generated by our immediate neighbors to our east and west cannot be taken lightly. I have spoken of these forces in past Town addresses. . . Many view Darien as a housing opportunity regardless of its effect on the character of our town and existing home values.

Defendants maintain that Mr. Conze's statements were taken out of context and relate primarily to rezoning from single-family to multi-family residential, as opposed to affordable housing.

Plaintiffs brought this action alleging violation of the Fourteenth Amendment's equal protection clause. Plaintiffs' original complaint was dismissed when plaintiffs failed to distinguish classes and identify comparators for purposes of their equal protection claim, but the Court permitted plaintiffs to replead their claim. In their amended complaint, plaintiffs assert that "defendants consciously and intentionally discriminate against all persons and entities attempting to construct affordable housing in Darien, in comparison to all other developers of residential real estate, for the specific purpose of excluding African-Americans from living in the town."

Defendants have presented significant evidence that environmental, health, safety, traffic, and other issues enumerated in the Darien Zoning Regulations provided legitimate reasons for their rejection of plaintiffs' application. Defendants also point out that Darien has approved applications for affordable housing on at least seven occasions since 1985. Defendants have now moved for summary judgment.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

**Equal Protection**

Defendants argue that they rendered a decision on plaintiffs' application after lengthy deliberations on the project, substantial time for public comment, and consideration of environmental, health, safety, traffic, and other issues enumerated in the Darien Zoning Regulations.  Further, defendants point out that the Commission had discretion to approve or deny plaintiffs' application and that the Commission denied the application for a number of legitimate reasons.

Nevertheless, plaintiffs are not required to prove that defendants' actions rested solely on racially discriminatory purposes.  Rather, "proof that a discriminatory purpose has been a

motivating factor in the decision" is all that is required.  Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265-71 (1977).

"Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.  The impact of the official action whether it 'bears more heavily on one race than another,' may provide an important starting point.  Sometimes a clear pattern, unexplainable on grounds other than race, emerges from the effect of the state action even when the governing legislation appears neutral on its face."  Id. at 266.

Defendants contend that plaintiffs cannot rely on remarks made by Mr. Conze to demonstrate evidence of discriminatory purpose.  Specifically, defendants argue that plaintiffs must show that the decisionmaker acted with a discriminatory purpose – and that because Mr. Conze was only one of several members of the Commission – any statements, actions or decisions on his part were not binding on the Commission and cannot be attributed to the Commission as a whole.  The Court is not persuaded.

At all relevant times, Mr. Conze was the Chairman of the Darien Planning and Zoning Commission, and the Supreme Court has instructed that "statements by members of the decisionmaking body" may be highly relevant in determining whether discriminatory purpose was a motivating factor. Id. at 268.

Defendants next argue that there is no evidence of collusion between William Golden and defendants with regard to the lawsuit filed by Golden against plaintiffs, yet Golden requested as part of a settlement agreement in that case that Darien zoning officials, though not parties to the suit, be included in any release language.  Moreover, Golden indicated during court

proceedings that the Town of Darien (presumably through its officials) requested the inclusion of such language.

Drawing all reasonable inferences in favor of plaintiffs, the Court finds that defendants are not entitled to judgment as a matter of law.

**Qualified Immunity**

Defendants argue that they are entitled to qualified immunity, but qualified immunity only protects individual defendants, not governmental entities. Ford v. Reynolds, 316 F.3d 351, 356 (2d Cir. 2003). Moreover, the existence of a constitutional violation is disputed. If Mr. Conze is found to have acted with an invidious, racially discriminatory purpose in violation of the Fourteenth Amendment, such action cannot be objectively viewed as reasonable. See Natale v. Town of Ridgefield, 927 F.2d 101, 104 (2d Cir. 1991). Accordingly, defendants are not entitled to qualified immunity.

**Legislative Immunity**

Finally, defendants argue that Mr. Conze is entitled to legislative immunity for actions taken within the sphere of legitimate legislative activity as a member of the Darien Planning and Zoning Commission. See Almonte v. City of Long Beach, 478 F.3d 100, 106 (2d Cir. 2007). The Court agrees. Accordingly, Mr. Conze is shielded from liability for legislative actions taken as Chairman of the Commission.

**Standing**

Finally, defendants contend that as only Oakview Housing Trust I, LLC was listed on the application to the Commission, Mr. Hamer and Oakview Capital Partners, LLC lack standing. However, the Court finds that all three plaintiffs have alleged a direct financial interest in the affairs of Oakview Housing Trust I, LLC.

## **CONCLUSION**

For the above stated reasons, defendants' motion for summary judgment is GRANTED in part and DENIED in part.  Summary judgment is granted in favor of Mr. Conze with respect to his legislative immunity for legislative actions.  Defendants' motion is otherwise denied.

Dated this 30th day of September, 2014, at Bridgeport, Connecticut.


          /s/Warren W. Eginton
          WARREN W. EGINTON
          SENIOR UNITED STATES DISTRICT JUDGE